UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:17-CR-002-TBR

UNITED STATES OF AMERICA,                                             PLAINTIFF

v.

STEPHEN MATTHEW BROWN,                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Steven Brown's Motion for Clarification of
Sentence, [R. 28], and Motion for Clarification and Time Served Credit, [R. 32]. The United
Stated responded. [R. 29; R. 33]. This matter is now ripe for adjudication. For the reasons stated
herein, Brown's Motion for Clarification of Sentence, [R. 28], and Motion for Clarification and
Time Served Credit, [R. 32], are both DENIED.

On September 13, 2017, Brown was committed to the custody of the Federal Bureau of
Prisons to be imprisoned for a total term of twenty-nine (29) months and four (4) days. [R. 23 at
3.] This Court stated in the Judgment and Commitment Order:

> The term of imprisonment imposed herein shall run concurrently with the
> sentence of imprisonment the defendant is presently serving in McCracken Circuit
> Court, Case Number 17-CR-5, but shall run consecutively with the sentence of
> imprisonment the defendant is presently serving in Monroe Circuit Court, Case
> Number13-CR-24 and Allen Circuit Court, Case Number 10-CR-101. Further,
> since the conduct from the defendant's underlying state charge in McCracken
> Circuit Court, Case Number 17-CR-5 is determined to be relevant conduct to the
> instant federal offense, an adjusted sentence, as outlined in Section 5G1.3(b)(1)
> and (2) of the Guidelines, is appropriate. The defendant has served a total of
> twenty-one (21) months and twenty-six (26) days of custody in in McCracken
> Circuit Court, Case Number 17-CR-5 (November 16, 2015 through September 13,
> 2017); therefore, the defendant shall receive an adjustment of 21 months and 26
> days towards the 51 months sentence in this case pursuant to U.S.S.G. § 5G1.3(c),
> agreed to in the plea agreement and adopted by the Court, resulting in the
> imposed custody of 29 months and 4 days.

1

[*Id.*] In his Motion for Clarification of Sentence, Brown argues that he should receive an additional adjustment of nine months and twelve days for the time served in state custody after his sentencing by this Court. [R. 28 at 1.] In his Motion for Clarification and Time Served Credit, Brown modifies the time requested to eight months and twelve days. [R. 32 at 1.] The United States responds in the same manner to both motions:

> Even if the Defendant is entitled to that credit, the court does not have the authority to make such a determination. The Sixth Circuit has held that, "[o]nly the Bureau of Prisons, and not the district court, is authorized to grant credit for time served under 18 U.S.C. § 3585(b)." United States v. Jefferson, 507 Fed. Appx. 509, 510 (6th Cir. 2012) *citing* United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001).

[R. 33; R. 29.]

> The Sixth Circuit has stated:

> A defendant is entitled to sentencing credit toward "the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b). However, it is the Attorney General, through the Bureau of Prisons, and not the district court, that is authorized pursuant to § 3585(b) to grant a defendant credit for time served prior to sentencing. *Wilson,* 503 U.S. at 333; *United States v. Cobleigh,* 75 F.3d 242, 251 (6th Cir.1996). A prisoner may seek administrative review of the computation of this credit, *see* 28 C.F.R §§ 542.10-542.16 (1997), and, when he has exhausted his administrative remedies, may then seek judicial relief pursuant to 28 U.S.C. § 2241. *See Wilson,* 503 U.S. at 335; *McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir.1993); *United States v. Dowling,* 962 F.2d 390, 393 (5th Cir.1992).

*United States v. Smith*, 145 F.3d 1334, at *1 (6th Cir. 1998) (Table). Recently, in a similar situation in which a prisoner requested a credit toward his sentence, this Court held that the prisoner must seek administrative review of his sentence from the Attorney General, through the Bureau of Prisons, before this Court possessed jurisdiction over such matters. *See United States v. Santana,* No. 3:13-CR-00007-TBR, 2018 WL 2436812, at *2 (W.D. Ky. May 30, 2018). After exhaustion of such remedies, the Court stated that the defendant could then "obtain judicial review of that Bureau's determination . . .." *Santana*, No. 3:13-CR-00007-TBR, 2018 WL

2436812, at *2 (quoting *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) (citations omitted)). Furthermore, as pointed out by the United States, the Sixth Circuit has also stated that "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). Thus, the Court finds that it does not possess jurisdiction over this matter at this time and must deny both of Brown's motions.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED**:

1.  Defendant Steven Brown's Motion for Clarification of Sentence, [R. 28], is **DENIED**.

2.  Defendant Steven Brown's Motion for Clarification and Time Served Credit, [R. 32], is **DENIED**.

    **IT IS SO ORDERED**.


cc: Counsel of Record

Steven Brown, Pro Se
18827-033
United States Penitentiary "Marion"
P.O. Box 1000
Marion, IL 62959

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 18, 2018